Judge ALLARD, concurring. I agree with the majority opinion that the prosecutor’s closing arguments were improper and constituted a gross distortion of the law. I write separately only to point out that Rossiter’s conviction for second-degree murder was not a foregone conclusion and that manslaughter was a plausible verdict in this case. A conviction for second-degree murder required the State to prove not only that Rossiter acted recklessly when he .killed Sta-ehelrodt (and- that he did not do so in self-defense), but also that Rossiter acted “under circumstances manifesting an extreme indifference to the value of human life”[1] — ie,, that Rossiter’s actions constituted “the type of heightened recklessness that is equivalent to purposeful or knowing homicide.”[2] . AS 11.41.110(a)(2). . Jeffries v. State, 169 P.3d 913, 917 (Alaska 2007).